J-A09003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.J.T. | IN THE SUPERIOR COURT |
| | OF PENNSYLVANIA |
| Appellee | |
| | |
| v. | |
| | |
| C.K.J. | |
| | |
| Appellant | No. 1352 WDA 2020 |

Appeal from the Order Entered October 29, 2020
In the Court of Common Pleas of Westmoreland County
Domestic Relations at No: 1948 of 2017D

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED:  June 10, 2021**

Appellant, C.K.J. ("Mother"), appeals *pro se* from the October 29, 2020 order transferring venue of this child custody action from Westmoreland to Fayette County.  We affirm.

Appellee, M.T.J. ("Father"), commenced this action in Westmoreland County on November 20, 2017, with a complaint for custody of the parties' minor Child ("Child").  On April 19, 2018, the trial court ordered shared legal custody and primary physical custody with Mother.  On December 12, 2019, the trial court entered an order granting sole legal and physical custody to Father, with only supervised visitation for Mother.  This Court affirmed by memorandum of August 20, 2020.  ***M.J.T. v. C.K.J.***, 77 WDA 2020 (Pa. Super.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Court. August 20, 2020) (unpublished memorandum). The record reflects that Mother's behavior throughout this proceeding has been erratic, including multiple changes of address,[1] missed court dates, lack of cooperation during court proceedings, and lack of compliance with court orders.

Regardless, the issue before us is simple. When Father filed his complaint, the parties and Child lived in Westmoreland County. Since June of 2019 Father has lived in Fayette County with the Child. Mother now lives in Northumberland County. Father sought and received a transfer of venue to Fayette County.

Rule Pa.R.C.P. 1915.2, which governs venue in custody actions, provides in pertinent part:

(a) An action may be brought in any county

(1)(i) which is the home county of the child at the time of commencement of the proceeding, or

(ii) which had been the child's home county within six months before commencement of the proceeding and the child is absent from the county but a parent or person acting as parent continues to live in the county; or

[…]

(c) The court at any time may transfer an action to the appropriate court of any other county where the action could originally have been brought or could be brought if it determines that it is an inconvenient forum under the circumstances and the court of another county is the more appropriate forum. It shall be

---

[1] Mother has relocated multiple times throughout this proceeding, and the trial court has expressed its frustration with the difficulty of obtaining a good address for mother "since the inception of this case." Explanation of Decision, 12/12/19, at 2 (pagination ours).

the duty of the prothonotary of the court in which the action is pending to forward to the prothonotary of the county to which the action is transferred certified copies of the docket entries, process, pleadings and other papers filed in the action. The costs and fees of the petition for transfer and the removal of the record shall be paid by the petitioner in the first instance to be taxable as costs in the case.

Pa.R.C.P. No. 1915.2(a), (c).[2] An order transferring venue is subject to abuse of discretion review. ***Bratic v. Rubendall***, 99 A.3d 1, 6-7 (Pa. 2014).

Fayette County is now a County in which this action "could be brought," as per Rule 1915.2(c), because Fayette County is now the Child's home county, as per Rule 1915.2(a)(i). That Father and Child have been living there since June of 2019 supports the trial court's finding that Fayette County is presently the more appropriate forum. That Mother, Father, and Child all live outside of Westmoreland County supports a finding that Westmoreland County is no longer convenient.

Mother's *pro se* brief offers no basis upon which we can conclude the trial court abused its discretion. Instead, she attempts to relitigate the December 12, 2019 order that this Court already affirmed on appeal. Mother also requests transfer of this matter to Northumberland County, an issue that is not properly before us because Mother never petitioned the trial court for transfer of venue. The prior panel's description of Mother's *pro se* arguments

---

[2] According to the 2008 explanatory comment to Rule 1915.2, subsection (c) follows the inconvenient forum provision of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), 23 Pa.C.S.A. § 5427. Section 5427 identifies factors relevant to interstate transfer of custody actions.

as "duplicative, argumentative, and at times nonsensical," is equally fitting here. **M.J.T.**, 77 WDA 2020, unpublished memorandum at 6.

Discerning no abuse of discretion, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2021